## J. D. BLAIR V. THE STATE.

No. 20628. Delivered November 29, 1939.
On Motion to Reinstate Appeal January 17, 1940.

The opinion states the case.

*J. F. Mangum,* of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of robbery by assault, and assessed a penalty of five years confinement in the penitentiary.

An examination of the record fails to disclose that notice of appeal was given as required by law. Such is necessary to give this court jurisdiction. See Branch's Ann. P. C., Sec. 588, p. 302, and the many authorities there cited.

The appeal is therefore dismissed.

## ON MOTION TO REINSTATE APPEAL.

GRAVES, Judge.

This cause has been heretofore dismissed because the record failed to contain a notice of appeal. It has now been made to appear by proper proof that such failure was an inadvertence upon the part of the clerk making up the record, but that a proper notice was given, and same passed into the minutes at the proper time. We therefore set aside our prior order herein, and proceed to consider the case upon its merits.

There are no bills of exceptions in the record, and appellant merely urgently contends that the testimony is insufficient to establish his guilt.

It appears that the prosecuting witness was a hitch-hiking boy fourteen years of age, returning home from a time spent in school at Houston; that he obtained a ride with one Allen and appellant, who was the driver of the car. Appellant and his companion were drinking, and, according to the State's testimony, soon after passing through the town of Lovelady appellant left the highway and drove off on a side road, and finally stopped the car, and Allen demanded of the prosecuting witness to see his bill-fold; the witness demurred, and Allen picked up a coca cola bottle, and, holding the boy with his left hand, he drew the bottle back and said: "Boy don't give me any trouble." After that, the witness testified he gave up his bill-fold containing $14.00, and Allen took the money out and returned the bill-fold to the witness. Blair said nothing, but, still driving the car, they went back to the highway by another road, and went on down to a dance hall and tavern, and continued to drink and dance. They probably had some further trouble with the boy at that place, and the boy finally got his suit case out of Blair's car and left with other parties.

Appellant proves a good reputation, and took the stand and corroborated most of the prosecuting witness' testimony, except that he denies any robbery or knowledge thereof.

Appellant says that the testimony is insufficient to show his guilt in that, according to the State's own witness, he had naught to do with the robbery. It is noticed that the court

charged on the law of principals, and the testimony does conclusively show that the appellant Blair was in charge of and driving the automobile; that the prosecuting witness was sitting between appellant and Allen; that the appellant drove the automobile off the highway on to a side road and stopped the same; that there the alleged robbery occurred, appellant still sitting under the wheel; that after the man Allen had obtained the contents of this boy's bill-fold, the appellant turned the car back another side road and on to the highway, and from that place went to the tavern where they dined and danced. It seems to us that the appellant aided, encouraged and assisted the man Allen and acted together with him in the commission of this offense. He is bound to have known the unlawful intent of Mr. Allen when he turned off on to this side road and stopped the car, and sat there silent while Mr. Allen took this boy's money away from him.

Complaint is also made in the motion for a new trial of misconduct of the jury. It is to be noted that one juror, Mr. Goolsby, was placed on the stand and interrogated, and his testimony does not evidence any misconduct at all on the jury's part. We also note that the remaining jurors were present on the hearing of the motion for a new trial and were tendered to the defendant, and that he failed to place any further jurors on the stand.

We find no error reflected in this record, and the judgment is affirmed.