ALFRED BENITO CARRIZALES V. STATE.

No. 24148. November 3, 1948.
Rehearing Denied December 15, 1948.

500

Hon. Henry King, Judge Presiding.

*J. P. Moseley,* of Dallas, for appellant.

*Will R. Wilson, Jr.,* Criminal District Attorney, *George P. Blackburn,* First Assistant District Attorney, and *Henry Wade,* Assistant District Attorney, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is robbery. The punishment assessed is confinement in the state penitentiary for a term of 5 years.

The record reflects that on the night of December 16, 1947, at about 3 A. M., appellant walked into the Chicken Bar No. 2 located on Akard Street in the City of Dallas. He was then wearing an overcoat and had his right hand in his overcoat pocket. He walked up to the cash register where Mrs. Cornelison, the cashier, was standing and commanded her to give him all of the currency in the cash register. Mrs. Cornelison, from appellant's conduct, concluded that he had a pistol in his hand in his overcoat pocket and fearing that her life was in danger, she complied with his demand. After he had obtained the money, which consisted of twenty, ten, five, and one-dollar bills, he hurriedly departed, ran across the street to a parked Buick automobile, the motor of which was running, and drove away. Mrs. Cornelison and another employee followed him to the street and obtained a description and the license number of the car in which he fled. The police were called immediately and the description and the license number of the automobile were given to them. One of the officers knew the automobile and knew that it belonged to one Al Caballero. They went to Caballero's place of business and found the car parked there. On inquiring of Caballero if anyone had driven the car recently, he told them that appellant and Al Ruclas had driven it to town for a short time, but had returned it just a few minutes before and had driven away with Joe Sanchez in a Pontiac car. He further said that they would be back within a very short time. While the officers were talking to Caballero, the appellant and his companions returned, but when they saw the officers at Caballero's place of business they did not stop. The officers pursued them, overtook them, arrested them, and searched them. As a result of the search of appellant's person, they found currency of the

same denomination and approximately the same amount as that taken from Mrs. Cornelison. Mrs. Cornelison positively identified appellant as the person who obtained the money from her by putting her in fear for her life. We deem the evidence sufficient to sustain his conviction.

Appellant, in due time, objected to the testimony given by the officers as to what they found on his person as a result of the search. He based his objection on the ground that the arresting officers had no warrant of arrest or search warrant; that therefore the arrest and search were illegal and the evidence inadmissible. We are not in accord with his contention since the officers were informed that a felony had been committed; that the perpetrators of the crime had fled from the scene of the crime in a Buick automobile; that they had parked the Buick and were last seen in a Pontiac automobile. When the officers saw them fleeing in a Pontiac automobile, they pursued them, arrested them, and searched them. It appears to us that under such a state of fact, the arrest was legal and it carried with it the right to search, therefore the evidence of what the search revealed was admissible. See Art. 215, Vernon's Ann. C. C. P. See also Beeland, et al v. State, 149 Tex. Cr. R. 272 (193 S. W. (2d) 687) ; Ware v. State, 207 S. W. (2d) 868; and Bevins v. State, 110 Tex. Cr. R. 52.

Appellant's next complaint relates to the court's charge. He objected to the same on the ground that the court stated in his charge that defendant had set up as a defense what is known in law as an alibi, etc. He claimed that the words "a defense set up" as used in the court's charge was disparaging to his defense. It occurs to us that this objection is rather hypercritical and the words in the court's charge herein complained of did not prejudicially affect his legal rights.

All other matters complained of by the appellant have been duly considered by the court and are deemed to be without merit.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

Opinion approved by the Court.

ON APPELLANT'S MOTION FOR REHEARING.

BEAUCHAMP, Judge.

Appellant raises three questions in his motion for rehearing, two of which relate to Bill of Exception No. 1 complaining of the admission in evidence of the results of the search of the car in which appellant was riding at the time of his arrest. The third complaint relates to the objection raised to the court's charge. Each of these questions was sufficiently treated in the original opinion. We have taken note, however, of the declaration in said motion that the bill of exceptions contained language which said, "That no evidence whatever was introduced to the effect that the defendant, on the occasion, was about to escape after the commission of a felony."

We have re-examined this bill and find such a statement was in the bill when presented to the court for approval. In approving this bill of exception the court said: "The Court does not certify as a fact that there was no evidence that the Defendant was about to escape, but will certify the same as a contention of the Defendant only, because of the evidence shown in this Bill of Exception." Appellant accepted the bill with that qualification. It is further noted that the court copied in his qualification quite a lengthy excerpt from the evidence in the case. This, to our mind, justifies the court in so qualifying the bill. Such quoted evidence is not necessary, however. His mere statement of the fact sufficiently binds appellant.

It is our conclusion that the original opinion correctly disposed of the case and the motion for rehearing is overruled.