## NATIVIDAD LOPEZ V. STATE

No. 29,144. June 26, 1957.
Appellant's Motion for Rehearing Overruled
(Without Written Opinion) October 16, 1957.

*Theo. Pat Henley,* San Antonio, for appellant.

*Hubert W. Green, Jr.,* Criminal District Attorney, *Roy R. Barrera* and *Edward R. Finck, Jr.,* Assistants Criminal District Attorney, San Antonio, and *Leon Douglas,* State's Attorney, Austin, for the state.

WOODLEY, Judge.

The offense is robbery by assault; the punishment 7½ years in the penitentiary.

The sole question presented is the sufficiency of the evidence.

The attorneys for the state and the appellant agreed upon the following statement of facts, as authorized by Sec. 7 of Art. 759a V.A.C.C.P.

"On or about the 3d day of July, 1956, at or about 9 P.M., the complainant, Joe Cerda, was sitting on a swing at the Alazan Apache Courts Playground, located in Bexar County, Texas. The defendant, Natividad Lopez, and Gayetano Guerra, whom the complainant knew slightly engaged him in conversation. The complainant had a new pair of Stacy Adams shoes on, and _____ were being admired by Lopez and Guerra. The defendant, Lopez, asked the complainant to let him try on one of the shoes, and the complainant complied with the request. The defendant, Lopez, then asked for the other shoe, but the complainant refused to give it to him; whereupon Guerra, drew a knife and placed it against the complainan't back, and ordered him to give Lopez the other shoe. The complainant hesitated, for a few minutes and in the process of complying _____ Guerra's request and giving his other shoe to the defendant Lopez, Guerrera, cut him slightly across the back.

"The complainant dropped the other shoe and ran off in his stocking feet.

"The complainant then went home and upon being seen by his mother with the bloody shirt on, he told her of the events of the night, whereupon she called the police.

"On July 10, 1956, the defendant Lopez was arrested by city police officers and he was identified by the complainant at the city jail. The complainant also identified his shoes which were still being worn by the defendant at the time of his apprehension."

Appellant contends that these facts show no actual or threatened violence to Joe Cerda, and that the allegations of the indictment that a pair of shoes was taken from Cerda without his consent by assault and by violence are not proved.

We overrule these contentions and hold that the evidence is

sufficient to sustain the jury's finding that appellant, acting as a principal with Gayetano Guerra, made an assault upon Joe Cerda and by means of said assault took from him a pair of shoes.

The judgment is affirmed.