Patrick J. **SULLIVAN**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 38910.

Court of Criminal Appeals of Texas.

March 9, 1966.

Rehearing Denied April 27, 1966.

Bob L. Thomas, Waco, counsel on appeal, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The conviction is for the possession of obscene photographs; the punishment, one year in jail.

The prior opinion dismissing the appeal is withdrawn, and the appeal is re-instated.

The testimony of the state reveals that Officer Powers advised the appellant at the door of his house that he had informa-

tion that he had obscene photographs, and the appellant gave him consent to search his house. In searching the house on February 17, Officer Powers found a pack of forty-six photographs and two rolls of film which were close together in the ceiling of the kitchen of appellant's house. Photographs had been seen in appellant's house after his arrest on October 31, for having possession of obscene photographs which were found in the attic. The appellant had a darkroom and photography equipment in his house.

It was stipulated that the photographs were obscene. However, the photographs were introduced in evidence and exhibited to the jury. The term "obscene" as applicable to photographs was defined in the court's charge to the jury.

Testifying in his own behalf, the appellant stated that on February 17, Officer Powers found some photographs and two rolls of film in the ceiling of his residence; that he did not know that the photographs were in the attic; that the officers found and seized all the photographs in the attic and house on October 31, and for such possession he had been convicted; that since October 31, he had not had any photographs and had no knowledge of any in the ceiling; and that he knew the two rolls of film were in the attic. He further testified that a photographer who lived at his house may have brought them there.

■ The jury resolved the issues of fact against the appellant and the evidence is sufficient to support their verdict.

■ The complaint of the failure of the court to respond to objections to the court's charge cannot be considered because there is no showing that they were timely presented to the trial court or that he acted thereon. Marr v. State, Tex.Cr.App., 383 S.W.2d 928.

The judgment is affirmed.

Opinion approved by the Court.