Charles Ray PRICE, Appellant,

v.

The STATE of Texas, Appellee.

No. 40041.

Court of Criminal Appeals of Texas.

Feb. 1, 1967.

Lawrence R. Green, Dallas, for appellant.

Henry Wade, Dist. Atty., Scott Bradley, John H. Stauffer and Kerry P. FitzGerald, Asst. Dist. Attys., Dallas, Leon B. Douglas, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery; the punishment, twelve years. Notice of appeal was given on February 25, 1966.

The testimony for the State reveals that the appellant and two male companions,

Palmer and Thompson, arrived on foot at a service station in the city of Dallas at 4:00 a. m. on the day of the robbery. At this time the lone attendant observed that they were acting "like they were good friends." The trio went to a pay telephone booth at the side of the station, and subsequently the appellant and Palmer separately asked the attendant for change allegedly for the purpose of using the telephone to call a taxicab. As a taxicab arrived at the station, Thompson who was sixteen years of age at the time, entered the station, asked for change, then at gun point told the attendant, "Man, give me all of it." Thompson then removed from the cash register the sum later determined to be $37.25 in ten and five dollar bills and quarters. The attendant was forced to lie on the floor and Thompson left. Shortly thereafter, the appellant entered the front door of the station, looked around and left through the side entrance. The attendant, who did not see the three men leave, immediately called the police to report the robbery, and gave a description of the men first to the police dispatcher and later to the officers who arrived on the scene. The attendant testified the money was taken without his consent and that he, at the time, was in fear of his life or bodily injury.

Floyd Robinson, the taxicab driver, testified he received a call to the service station in question. Arriving at the station at 4:15 a. m., he observed the attendant who soon disappeared from view and three Negro men. Shortly thereafter, two of the Negro men came out of the station and got into the cab. One of the men had a gun in his hand and a handful of greenbacks. Upon inquiry they told the cab driver that the other Negro man still in the station was with them. When told that the cab driver could not take them where they wanted to go, the two men got out of the cab. The cab driver left and reported the matter to the police.

Acting on information over the police broadcast as to the robbery and the age, clothing, height, race and sex of the three

individuals who had fled, a patrol car saw three men fitting the description an estimated mile from the service station approximately 45 minutes after the robbery. One officer testified that as the officers approached the trio, "one boy (Thompson) tried to get away." Appellant and his companions were apprehended and searched. The search revealed that the appellant had nineteen dollars crumpled up in his front pockets. The other two had money wadded in their front pockets. The money in five and ten dollar bills and quarters in possession of the trio approximated the amount stolen from the service station.

The appellant insists that he was illegally arrested without a warrant and that the trial court erred in admitting into evidence, over his objections, the fruits of the search of the appellant and those arrested with him.

■ We are not in accord with this contention. It is well settled an arrest which is lawful carries with it the right to make a search and seizure incidental thereto. Jones v. State, 171 Tex.Cr.R. 608, 352 S.W.2d 270; Carrizales v. State, 152 Tex.Cr.R. 499, 215 S.W.2d 342.

A review of the facts indicates that a police broadcast informed the officers, four or five times prior to the arrest, regarding the number of persons involved in the robbery, their approximate age, height, race and sex as well as three distinguishing articles of clothing. The suspects fitting this description were seen together in the early morning hours within 45 minutes of the robbery and within a mile thereof. As the officer approached, one of the suspects attempted to leave the scene.

■ It appears to us that under these facts and circumstances the arrest without a warrant was authorized, and carried with it the right to search. Therefore, the evidence of what the search revealed was admissible. Article 14.04 (215) Vernon's Ann. C.C.P.; Jones v. State, supra; Carrizales v. State, supra; Pennington v. State, Tex.Cr.

**780**

App., 364 S.W.2d 376; Stickney v. State, 169 Tex.Cr.R. 533, 336 S.W.2d 133; Tunnell v. State, 168 Tex.Cr.R. 358, 327 S.W.2d 590; Hatfield v. State, 161 Tex.Cr.R. 362, 276 S.W.2d 829; Beeland v. State, 149 Tex. Cr.R. 272, 193 S.W.2d 687.

The Court submitted the issue of appellant's guilt to the jury upon a charge on the law of principals and authorized the jury to convict appellant upon a finding that he committed the offense by making an assault upon the injured party or by putting him in fear of life or bodily injury.

In his remaining contention the appellant insists the evidence is insufficient to sustain his conviction as a principal to the robbery, and that the verdict of the jury is contrary to the law and the evidence.

Testifying in his own behalf, appellant substantially admitted the facts adduced by the State testimony, but denied having anything to do with the robbery. He claimed that he had no knowledge of Thompson's intent to rob the service station attendant, though he had been with Thompson earlier in the evening and knew he had a gun. He contends that he re-entered the station to determine if Thompson had injured the attendant, and fled on foot because he was scared and the other two followed.

Appellant denied that he and his companions divided the money taken from the station, but he volunteered on direct examination the information that the first time the trio stopped after running from the station that Thompson had said, "I got nearly all the money out of the register. Do you want to split it here or where?"

 The intent of the accused must be ascertained and determined from his words, acts and conduct. Thomas v. State, 168 Tex.Cr.R. 225, 324 S.W.2d 869; Bailey v. State, 139 Tex.Cr.R. 260, 139 S.W.2d 599. Further, the agreement of the parties to act together in an unlawful act or design may be established by circumstantial evidence. Scott v. State, 161 Tex.Cr.R. 268, 276 S.W.2d 525. Appellant's actions before,

during the time, and after his companion committed the robbery were sufficient to support the conclusion that all parties were acting together under a previously formed design to rob. Westfall v. State, Tex.Cr. App., 375 S.W.2d 911. The evidence is sufficient to support the jury's verdict. See Russell v. State, Tex.Cr.App., 396 S.W. 2d 117; Pace v. State, 171 Tex.Cr.R. 219, 346 S.W.2d 339; Smith v. State, 167 Tex. Cr.R. 217, 320 S.W.2d 12; Smith v. State, 166 Tex.Cr.R. 575, 317 S.W.2d 60; Lopez v. State, 165 Tex.Cr.R. 165, 305 S.W.2d 371.

The judgment is affirmed.