Alfred **FLORES**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40579.

Court of Criminal Appeals of Texas.

Oct. 4, 1967.

Peter Torres, Jr., San Antonio, for appellant.

James E. Barlow, Dist. Atty., Gilbert G. Pompa and Teodoro Arevalo, Asst. Dist. Attys., San Antonio, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is sale of liquor in a wet area without a permit; the punishment, a fine of $200.00.

Notice of appeal was entered September 7, 1966. Sentence was imposed March 6, 1967.

A sentence must be pronounced in every felony case and in every misdemeanor case, except where the maximum possible punishment is by fine only, Article 42.02, Vernon's Ann.C.C.P. (1965), and must be pronounced before the appeal is taken and is requisite to the appeal. Article 42.04, V.A.C.C.P. (1965).

Article 44.08(c), V.A.C.C.P. (1965) provides that "Notice [of appeal] shall be given or filed within ten days *after sentence is pronounced.*" The giving of notice of appeal *prior* to pronouncement of sentence is ineffective compliance with such provision and, as in the case at bar, is not sufficient notice upon which to predicate an appeal. Hollingsworth v. State, Tex.Cr.App., 419 S.W.2d 854 (July 26, 1967). However, as is pointed out in Hollingsworth, Article 44.08(e), V.A.C.P. (1965) provides that for good cause shown the trial court may permit notice of appeal to be given after the expiration of such ten day period provided in subsection (c). In the case at bar the trial court may, if good cause be shown, still permit the giving of notice of appeal, and if he permits the giving of such notice, proceedings may then be had in the trial court pursuant to Article 40.09, V.A.C.C.P. (1965).

It is further observed that the approval by the trial judge entered on the last page of the statement of facts is not sufficient approval as contemplated by Article 40.09, Section 7, supra.

The appeal is dismissed.