**Sammy Lee POINTER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40614.**

Court of Criminal Appeals of Texas.

Oct. 11, 1967.

On Motion to Reinstate Appeal Nov. 22, 1967.

Miller, Sanders, Baker & Miller, by Dee D. Miller, Amarillo, for appellant.

Gene Compton, Dist. Atty., Toby A. Priolo, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

### PER CURIAM.

This purports to be an appeal from a conviction for robbery, with punishment assessed at ten years in the penitentiary.

The record contains no notice of appeal, as required by Art. 44.08, Vernon's Ann. C.C.P.

The appeal is dismissed.

## OPINION
## ON APPELLANT'S MOTION TO REINSTATE APPEAL

WOODLEY, Presiding Judge.

Supplemental transcript has been forwarded to this court which includes a certification by the trial judge that notice of appeal was given on February 7, 1967, after the verdict of the jury in said cause had been read and judgment entered.

The record reflects that sentence was pronounced on February 16, 1967.

Art. 44.08 Vernon's Ann.C.C.P. requires that in cases such as this notice of appeal shall be given or filed within ten days *after* sentence is pronounced. Rosenbaum v. State, Tex.Cr.App., 409 S.W.2d 406; Herbort v. State, Tex.Cr.App., 422 S.W.2d 456 (motion to reinstate overruled October 11, 1967).

Sec. (e) of the same statute provides that for good cause shown, the trial court may permit the giving of notice of appeal after the expiration of such ten days.

In view of the fact that the record on appeal before us would be considered should the trial court permit notice of appeal to be given, and such record and the brief of appellant have been carefully examined; and that the indigent appellant is represented by court appointed counsel, we deem it proper to express the view that under the recent decisions of this court in Price v. State, Tex.Cr.App., 410 S.W.2d 778; Daniels v. State, Tex.Cr.App., 387 S.W.2d 886; and Henderson v. State, Tex. Cr.App., 422 S.W.2d 175 decided November 8, 1967, the one and only ground of error of which appellant desires to complain on appeal, namely:

"The Court erred in finding that the arrest of appellant without a warrant was justified and the subsequent search was legal."

appears to be without merit.

Appellant's motion to reinstate the appeal is overruled.