Jose DE LA PAZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 40822.

Court of Criminal Appeals of Texas.

Nov. 29, 1967.

On Motion to Re-Instate Appeal
Jan. 17, 1968.

Rehearing Denied March 6, 1968.

Samuel K. Wasaff, El Paso, for appellant.

Jack N. Fant, County Atty., LeBron Hardie, Jr., Asst. County Atty., El Paso, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is drunk driving; the punishment, 3 days in jail and a fine of $150.

Trial was before the court on a plea of not guilty.

Notice of appeal was given prior to sentence.

Article 44.08 Vernon's Ann.C.C.P. requires that notice of appeal, necessary as a condition for perfecting an appeal to this court, shall in cases such as this be given or filed within ten days *after* sentence is pronounced "[and] [f]or good cause shown, the trial court may permit the giving of notice of appeal *after* the expiration of such ten days."

The appeal is dismissed.

## OPINION ON APPELLANT'S MOTION TO RE-INSTATE APPEAL

BELCHER, Judge.

The record having been perfected, the motion to re-instate the appeal is granted.

The sufficiency of the evidence is challenged.

While testifying, Officer Chacon identified the appellant as the person he saw driving an automobile on the wrong side of a public street; that upon stopping the appellant he smelled a very strong odor of alcohol about him; that the appellant had soiled his trousers and he had a strong odor of alcohol, urine, and defecation on and about him; that the appellant had difficulty standing, fell one time, and he and. Officer Beare held him up while going from his car to the police car. Officer Chacon expressed the opinion that the appellant was very intoxicated.

On cross-examination, Officer Chacon testified that no blood or urine tests were made and that the appellant could have been sick at the time in question.

Officer Beare testified and his testimony was substantially the same as that of Officer Chacon.

Testifying in his own behalf, the appellant admitted driving his automobile but denied that he was intoxicated. He further testified that he drank a small glass of wine after leaving his place of employment at 5 p. m.; that the wine made him sick, and he went to sleep in his car, awoke about midnight, and while driving home the officers stopped him.

 The court, trying the case without a jury, resolved the issue of intoxication against the appellant, and we find the evidence sufficient to support the conviction.

The appellant urges error on the ground that there is a fatal variance between the surname De La Paz in the complaint and De La Pza in the information.

This ground of error was first urged by the appellant when he moved the court to find him not guilty at the close of the state's case in chief.

After considering the motion and the argument thereon, the court directed that the surname of the appellant in the information be changed to conform to that in the complaint.

While testifying in his own behalf on the main trial, the appellant stated that his name was Jose De La Paz. Thus, it appears that the surname in the information was a clerical error. In the absence of any showing of injury, the surname as first alleged in the information and its change to conform to that in the complaint does not warrant a reversal. Art. 21.19, V.A.C.C.P.

The judgment is affirmed.