**Joseph Edward BIRD, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40850.**

Court of Criminal Appeals of Texas.

Dec. 13, 1967.

On Motion to Reinstate Appeal Feb. 14, 1968.

Robert E. McClendon, Amarillo, for appellant.

Gene Compton, Dist. Atty., John W. Broadfoot, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is burglary; the punishment, enhanced by two prior convictions for a felony less than capital, life.

Sentence was pronounced June 16, 1967.

The only notice of appeal reflected by the record is that given on May 16, 1967, when judgment was rendered and June 9, 1967, when the motion for new trial was overruled.

Art. 44.08 Vernon's Ann.C.C.P. requires that in cases such as this the notice of appeal necessary as a condition of perfecting an appeal to this court "shall be given or filed within ten days *after* sentence is pronounced." (Sec. (c). Pointer v. State, Tex.Cr.App., 422 S.W.2d 439; Herbort v. State, Tex.Cr.App., 422 S.W.2d 456; De La Paz v. State, Tex.Cr.App., 424 S.W.2d 230; Hollingsworth v. State, Tex.Cr.App., 419 S.W.2d 854; Flores v. State, Tex.Cr.App., 419 S.W.2d 202.

The appeal is dismissed.

## OPINION
## ON MOTION TO REINSTATE
## THE APPEAL

The record having been perfected and now reflecting that notice of appeal was given subsequent to sentence being pronounced, in compliance with Art. 44.08 Vernon's Ann.C.C.P., the appeal is reinstated and the grounds of error set forth in appellant's brief filed in the trial court will be considered.

■ Ground No. 1 is: "The evidence fails to prove that appellant 'did by force break and enter' the house allegedly burglarized."

This ground of error is bottomed upon the fact that the testimony of the state's accomplice witness, Jerry Keaton, was that the back door of the building was open and

that "we walked in the back door and looted the safe."

The evidence reflects that the building of the Cole Lumber Company alleged to have been burglarized was closed by the owner on September 26, 1966. About 3:30 A. M. a patrolman of the City of Amarillo noticed a rear window to a storage room had been knocked out or removed. The owner was called and upon arrival found that his building had been broken into and the safe which, according to one witness, weighed about four or five hundred pounds, had been taken. He testified that he had given no one consent to come on his property and take the safe which had been loaned to him. It had been unloaded with a mechanical lift when brought to the building.

Jerry Keaton, Floyd Collins Green, Billy Fred McIntire and appellant Bird were each charged by separate indictment with the burglary. Keaton testified at appellant's trial as an accomplice witness for the state. Appellant testified as a witness in his own behalf, and called as witnesses in his behalf his co-defendants who were occupying a jail cell with him.

Although his testimony did not include proof of a breaking and entry through a closed door or window, the testimony of the accomplice together with the evidence showing that the building which was closed was so entered and the safe which was found the next day was stolen from the building and "peeled" or broken into by the four indictees, is deemed sufficient proof of the breaking and entry by one or more of those who carried out the safe.

Ground of error No. 1 is overruled.

■ Ground of error No. 2 complains that the court erred in refusing to submit to the jury a charge on circumstantial evidence.

The record does not reflect compliance with the requirement of Art. 36.14 V.A.C. C.P. that the defendant or his counsel present his objections to the court's charge before said charge is read to the jury.

The objections found in the record appear to have been filed long after the trial and there is no showing that such objections were called to the attention of the trial court or that the trial judge had any opportunity to rule on whether a charge on circumstantial evidence should be included.

Ground of error No. 2 is not before us. Sullivan v. State, Tex.Cr.App., 401 S.W.2d 246.

Ground of error No. 3 presents the most serious and what we deem to be the controlling question which is whether the evidence is sufficient to corroborate the testimony of the accomplice witness.

The facts relied upon by the state in this regard include the following.

Each of the four indictees had been recently released from the Department of Corrections. Each had two or more convictions for felonies less than capital.

Appellant registered at Elks Court, in Room 28, on September 19, and paid one week's rent. The burglary was discovered about 3:30 A. M. on September 26.

Each of the four indictees testified that they were together during the night of September 26, but each denied that he participated in the burglary.

The accomplice witness, Keaton, who testified that the four were in the burglarized building and carried the safe out and put it in the 1965 blue Mustang Convertible, was found drunk in appellant's apartment the next morning and was arrested for being drunk.

Later in the day the safe, which had been broken into and left in a culvert on a country road, was discovered and the Mustang Convertible, which had paint marks on the trunk lid and marks on the rear deck consistent with the safe being lifted into it, was stopped for a speeding violation while headed east away from downtown Amarillo. Appellant was, according to the arresting officer, lying on the back floor board. His testimony and that of his co-indictees Mc-

Intire and Green was that McIntire was driving and appellant was lying on the back seat at the time the officer stopped them, and that they were headed for a bar.

McIntire and Green testified that the Mustang had been borrowed by McIntire from a friend in Dallas. Appellant testified: "I was told that it belonged to them (McIntire and Green)." There was no testimony showing that the accomplice witness had the use of the Convertible when not in company with his co-indictees.

Appellant testified that when he, Green and McIntire returned to his room the next morning, after having a sandwich and cup of coffee, buying some beer and visiting a bar, the landlady was getting his things together and "said the police had been there and told her to pick up all of my things, that they wanted them," and that the three of them went back to the bar and had started to another when the Mustang Convertible was stopped, at which time he "had a hangover and was lying on the back seat."

On cross-examination appellant testified that there was no question in his mind but that a burglary was actually committed; that he was asleep at the time and that he could not testify as to Keaton—"he was still up when I went to bed; he was up when I got up."

The hypothesis that the accomplice witness alone committed the burglary, stole the heavy safe and drove away with it in the Mustang Convertible which was claimed by his co-indictee as belonging to or borrowed by one or more of them, is as unreasonable as is the hypothesis that without the knowledge of appellant or his other co-indictees who were sleeping in his room, he took said Convertible and looked elsewhere for assistance in committing the burglary.

The rule which we deem applicable is found in Cawley v. State, 166 Tex.Cr.R. 37, 310 S.W.2d 340:

"Proof that accused was at or near the scene of the crime at or about the time of its commission is admissible in corroboration of the testimony of the accomplice, and may tend to connect the accused with the commission of the crime, so as to furnish sufficient corroboration to support a conviction when coupled with suspicious circumstances, such as * * * being in the company of the accomplice, * * * subsequent flight * * *."

 Applying such test, we find the evidence sufficient to corroborate the testimony of the accomplice witness Keaton.

The judgment is affirmed.

MORRISON, Judge (concurring).

The fact that appellant left the motel where he had been staying for a week immediately after being informed that the police had been there investigating him is sufficient in my judgment to show that he was fleeing.

It is for that reason that I concur in the affirmance of this conviction.