**Floyd Collins GREEN, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 41017.**

Court of Criminal Appeals of Texas.

Feb. 14, 1968.

Appellant did not testify as a witness in his own behalf, nor did he call either of his co-indictees as witnesses.

The testimony of the accomplice witness Keaton did not materially differ from his testimony in Bird's trial.

In addition to the evidence offered by the state at Bird's trial, the state produced the testimony of the manager of Elks Motel that Bird, McIntire and Green, upon learning that the police had been to the apartment and inquired about Joseph Bird, left in a hurry in a Blue Ford Mustang.

Also, the shipping weight of the safe was shown to be 300 pounds.

We find the evidence sufficient to corroborate the testimony of the accomplice witness and to sustain the jury's verdict. See Bird v. State, supra, and authorities cited.

Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, cited by appellant, does not support his contention that the court erred in admitting in evidence his testimony at the trial of his co-indictee. To the contrary, the Supreme Court said in Miranda:

"Volunteered statements of any kind are not barred by the Fifth Amendment and their admissibility is not affected by our holding today."

The record clearly reflects that appellant's testimony at Bird's trial was freely given in open court after he had been called as a defense witness (now permissible under the Texas Statute and the holding of the Supreme Court of the United States in Washington v. Texas, 385 U.S. 812, 87 S.Ct. 123, 17 L.Ed.2d 54) and had been advised by the trial court that he did not have to testify at all and had stated that he wished to testify.

The judgment is affirmed.

———◇———

Jones, Rittenberry & Moss by, Charles E. Moss, Amarillo, for appellant.

Gene Compton, Dist. Atty., Bob D. Slough, Asst. Dist. Atty., Amarillo, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

This is a companion case to that of Bird v. State, 423 S.W.2d 919, this day decided, appellant having been tried for the burglary of the Cole Lumber Company building after he had testified as a witness for Bird.

The jury having found appellant guilty and the prior conviction alleged for enhancement having been proved, the court assessed his punishment at life.

Appellant's grounds of error relate to the admissibility of appellant's testimony at the Bird trial and the sufficiency of the evidence.