**Jimmie Lee HAWKINS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40474.**

Court of Criminal Appeals of Texas.

Feb. 28, 1968.

Bobby HOLCOMBE, Appellant,

v.

The STATE of Texas, Appellee.

No. 40940.

Court of Criminal Appeals of Texas.

Jan. 17, 1968.

Rehearing Denied March 20, 1968.

Cayton & Gresham by Willis E. Gresham, Jr., Lamesa, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The record on appeal was approved by the trial judge by order dated October 9, 1967, and filed January 12, 1968. The record as approved reflects that sentence was pronounced on March 21, 1967.

The only notice of appeal shown by the record was given on May 10, 1966. Such notice is included in the order overruling the motion of the defendant to set aside the verdict and judgment and grant him a new trial, entered and rendered May 25, 1966.

Art. 44.08(a) Vernon's Ann.C.C.P. provides:

"It shall be necessary for the defendant, as a condition of perfecting an appeal to the Court of Criminal Appeals, to give notice of appeal."

Art. 44.08(c) provides that in cases such as this notice shall be given or filed within ten days *after* sentence is pronounced. See Rosenbaum v. State, Tex.Cr.App., 409 S.W. 2d 406; Herbort v. State, Tex.Cr.App., 422 S.W.2d 456; and Pointer v. State, Tex.Cr.App., 422 S.W.2d 439.

The appeal is dismissed.