Joseph JOHNSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42564.

Court of Criminal Appeals of Texas.

Feb. 4, 1970.

Maurice U. Westerfield, Houston, for appellant.

Carol S. Vance, Dist. Atty., and Phyllis Bell and Thomas C. Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Judge.

The offense is robbery by assault; the punishment, eight years.

Appellant challenges the sufficiency of the evidence to sustain his conviction in both of his grounds of error.

The record reflects that Isidro Cruz, Jr., a 24 year old university student, was driving on Crockett Street in the City of Houston around 12:45 a. m. on November 3, 1968. He was on his way home. He slowed for a parked car in his lane of traffic. As he did, a man jumped into his car, placed a knife at his neck, and ordered him to drive down another street into a warehouse area. The car which had been parked followed. When Cruz was ordered to stop, the appellant and his co-defendant Byrd came up to the driver's side of the car. The lighting in the area was good and Cruz was able to easily observe the two men. He was forced from the car and struck by the appellant and Byrd. Four other men joined the attack. While Cruz was on the ground being kicked, one of the men removed his billfold containing $4.00 and his watch. The assailants then drove off in Cruz's car. Cruz walked a few blocks to the police station and reported the robbery.

At approximately 2 or 3 a. m. on November 4, 1968, Houston police officers spotted the complainant's automobile. The driver refused to stop; a wild chase ensued which finally terminated in a dead end street. The driver fled. Appellant and Byrd and several females were apprehended in the car.

Testifying in his own behalf, appellant denied the robbery and offered alibi testimony. He contended he had been offered a ride in the complainant's car by one Rodney Broussard a short time before his arrest.

The court charged the jury on the law of principals and the defense of alibi.

The jury by their verdict rejected appellant's defense of alibi.

■ Viewed in light most favorable to the verdict, we find the evidence sufficient to support the same. Pace v. State, 171 Tex.Cr.R. 219, 346 S.W.2d 339; Blair v. State, 138 Tex.Cr.R. 247, 135 S.W.2d 715. We reject appellant's contention the evidence was insufficient because (1) the appellant was not the man who entered the complainant's car with a knife, because (2) Cruz was unable to testify which of the six men took his billfold, money and watch, because (3) there was no corroborating evidence of Cruz's identification of him and because (4) the State did not know the name of the driver of the complainant's car who fled upon the approach of the officers.

■ Nor are we impressed with appellant's argument that since the State failed to call rebuttal witnesses after the appellant's alibi witnesses had testified, the alibi testimony must be taken as undisputed.

Also, appellant's reliance upon Article 38.17, Vernon's Ann.C.C.P.,[1] is clearly misplaced.

Grounds of error #1 and #2 are overruled.

The judgment is affirmed.

1. "In all cases where, by law, two witnesses, or one with corroborating circumstances, are required to authorize a conviction, if the requirement be not fulfilled, the court shall instruct the jury to render a verdict of acquittal, and they are bound by the instruction. Acts 1965, 59th Leg., vol. 2, p. 317, ch. 722."