Johnny Fred BOYD, Appellant,

v.

The STATE of Texas, Appellee.

No. 44120.

Court of Criminal Appeals of Texas.

Sept. 16, 1971.

Rehearing Denied Nov. 16, 1971.

Van Ballew, Dallas, for appellant.

Henry Wade, Dist. Atty., James S. Moss, Asst. Dist. Atty., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is robbery with firearms; the punishment ninety-nine (99) years.

Prior to trial, court appointed counsel presented a motion requesting that a lineup be held. The motion states that the witness Ricky Martin had not viewed the appellant for identification purposes. The motion concluded with a prayer that the State agents not be permitted to show the witness, Ricky Martin, photographs of the appellant in order to refresh his memory. The Court granted a motion to the extent of ordering a lineup with appellant's counsel present. The Court did not rule on that part of the motion in which he sought to restrain the State's agents from showing pictures to the witness Martin.

During the trial, Martin testified without objection that it was the appellant who shot him and robbed him. On cross-examination it was developed that certain detectives had brought two pictures to the hospital. He was then questioned about identifying appellant at the lineup. It was then developed that prior to the lineup, Doug Mulder, who was one of the prosecutors in the case, had prior to the lineup shown the witness Martin a picture of the appellant and told Martin that he would be required to pick him, appellant, out of the lineup.

At the close of the case in the absence of the jury, Mulder was called by appellant's counsel and he testified that he left the judge's chambers prior to the granting of the lineup motion, and did not know that it had been granted at the time he showed Martin appellant's picture prior to the lineup. At this juncture the appellant's counsel moved the court to strike Martin's identification on the ground that it had been tainted and that the Court's order had been violated.

The danger in following such identification procedure was specifically recognized in Simmons v. United States, 390 U.S. 377,

383, 88 S.Ct. 967, 971, 19 L.Ed.2d 1247, 1253 (1968). The Court, in evaluating appellant's claim in the "totality of circumstances," see Stovall v. Denno, 388 U.S. 293 at 302, 87 S.Ct. 1967, 18 L.Ed.2d 1199, said,

"[W]e hold that each case must be considered on its own facts, and that convictions based on eyewitness identification at trial following a pretrial identification by photograph will be set aside on that ground only if the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification."

In United States v. Sutherland, 428 F.2d 1152, 1155, the Fifth Circuit Court of Appeals said:

"As we read *Simmons*, an 'impermissibly suggestive' picture spread requires the exclusion of any in-court identification as to which there was a 'substantial likelihood of irreparable misidentification.' * * * However, if the judge does not find as a matter of law both that the picture spread was impermissibly suggestive *and* that there is a substantial likelihood of irreparable misidentification, the in-court identification may be put before the jury." (emphasis in original).

■ While we believe the means of pretrial identification followed here is to be condemned under *Simmons*, we do not find that under the facts of the case there was a "substantial likelihood of irreparable misidentification." Martin testified he had the opportunity initially to view the appellant at the distance of approximately four steps. Subsequently, Martin said he was "close enough to touch" the appellant as appellant was taking the money from the cash register. The store was well lighted and there was "no mask or anything covering [appellant's] face."

We believe that the record before us furnishes clear and convincing proof that the in-court identification was of an independent origin, Daniels v. State, Tex.Cr.App., 464 S.W.2d 368, as was so stated in the trial court by the witness Martin.

We point out, further, that the witness Langley positively identified the appellant as the man who was seated alone at the scene of the robbery immediately prior thereto. As Langley was in transit from the store to Garland he heard on the radio that the robbery had occurred, whereupon he called the police and gave them a description of the appellant and his automobile which were helpful in apprehending the appellant.

We have concluded that the Court did not err in declining to strike the witness Martin's identification testimony, and appellant's first ground of error is overruled.[1]

■ Appellant's second ground of error is that the court erred in allowing State "unlimited challenges for cause where prospective jurors expressed a religious or conscientious objection to an infliction of the death penalty." Cf. Goad v. State, Tex. Cr.App., 464 S.W.2d 129, has been decided adversely to the contention of the appellant. Appellant's second ground of error is overruled.

■ His third ground of error is that the Court erred in not permitting his uncle witness, D. R. Boyd, to testify before the jury that he was a recovered alcoholic and he detected signs of alcoholism in the appellant. We have been cited no authority and know of none that would render such testimony admissible.

The judgment of the trial court is affirmed.

1. We adhere to our holding in Martinez v. State, Tex.Cr.App., 437 S.W.2d 842, and again recommend the procedure suggested there. United States v. Sutherland, supra, 428 F.2d at 1155.