**220**

Isaac James **CULBREATH** & **Jim** Murchison, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46407.

Court of Criminal Appeals of Texas.
July 3, 1973.

Rehearing Denied Sept. 7, 1973.

Marion G. Holt, A. L. Lowery, Nacogdoches, for appellant.

Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

Appellants were tried together and convicted of the offense of robbery by firearms. Culbreath received a 10-year sentence; Murchison was assessed punishment of 12 years' confinement.

A single brief has been filed in the cause. The sufficiency of the evidence is challenged.

▮ The record reflects that two men entered the Continental Inn in Nacogdoches, robbed the innkeeper and tied her and the desk clerk up before leaving. Positive in-court identification of the appellants was made by both the innkeeper and the

desk clerk. Both appellants claimed to be home in bed asleep at the time of the robbery. Neither presented witnesses to corroborate the alibi defenses. The evidence is sufficient to support the verdict.

Appellants' other point concerns an alleged error of the trial court in sustaining the State's objection to a question posed to the desk clerk. The innkeeper testified first, and stated that she thought one of the appellants might have been lighter in weight at the time of the robbery. When the desk clerk later testified, he was asked on cross-examination:

> "Q. Mrs. Smith [the innkeeper] says he's heavier now than he was in August, would that be your testimony?
>
> "MR. ADAMS [PROSECUTOR]: Objection. He's trying to mislead the witness.
>
> "MR. HOLT [DEFENSE COUNSEL]: I'm not. If it's not, I'll ask it be read back and apologize.
>
> "THE COURT: You may examine the witness. But you may not advise him as to what the other witnesses have testified to.
>
> "MR. HOLT: Your Honor, I object to not being able to ask this question in this fashion. I would like to make a bill on it.
>
> "THE COURT: You may make a bill on it. But you cannot tell what any other witnesses have testified to. The witnesses are under the Rule."

1. The trial judge noted that one reason he sustained the State's objection during the hearing on the bill was because it was possible that this witness would be recalled; if

It was defense counsel who invoked the rule before the trial began. He now argues, in effect, that he should have been permitted to violate that rule. The question was obviously improper, being phrased in such a manner as to tell one witness what another one had testified to. The court properly sustained the State's objection.

Appellants further contend that error was committed when the same objection was voiced by the State and again sustained during defense counsel's perfection of his will. Any error in the court's ruling was rendered harmless since the witness stated before the jury his opinion as to appellant Culbreath's weight at the time of the offense.[1] Appellant has shown no harm.

There is no reversible error presented. However, we do note that both sentences in his case fail to comply with the Texas indeterminate sentence statute. Article 42.09, Vernon's Ann.C.C.P. The sentence in appellant Culbreath's case is hereby reformed to read ". . . not less than 5 nor more than 10 years. . . ." Appellant Murchison's sentence is reformed to read "* * * not less than 5 nor more than 12 years. . . ." Bell v. State, 434 S.W.2d 684 (Tex.Cr. App.1968); Turner v. State, 485 S.W.2d 282 (Tex.Cr.App. 1972).

As reformed, the judgments are affirmed.

so, permitting the improper question could conceivably have had an effect on testimony heard before the jury.