**Charles Edward STEWART, Appellant,**

v.

**STATE of Texas, Appellee.**

No. 13–83–250–CR.

Court of Appeals of Texas,
Corpus Christi.

Jan. 26, 1984.

Carol J. Carrier, Carrier & McKinzie, Houston, for appellant.

Richard Mason, Asst. Dist. Atty., Houston, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

OPINION

NYE, Chief Justice.

This is an appeal from a conviction of forgery. Following a trial before the court, appellant was found guilty of the felony offense as charged by indictment. The court also found that appellant had been previously convicted of a felony as alleged in the enhancement paragraph of the indictment. The court assessed punishment at four years and six months' confinement in the Texas Department of Corrections. Appellant raises two grounds of error. The sufficiency of the evidence is challenged on appeal. We affirm.

In ground of error number one, appellant contends that the evidence presented at trial is insufficient to sustain the conviction because the evidence was insufficient to

establish the identity of appellant as the actor perpetrating the alleged offense. Specifically, appellant complains that one of the state's alleged eye-witnesses, Ms. Martinez, was actually "helped" with her identification of appellant by another alleged eye-witness, Ms. McDermott. Both Martinez and McDermott were employed as drive-in tellers at Northwest Bank and Trust in Harris County, Texas on the dates in question. McDermott's testimony concerning the identification of appellant was as follows:

Q: Now, and, of course, you testified that—you testified that the defendant came through your bank at subsequent times; is that correct, at a time when you identified him?

A: Right.

Q: And you alerted Ms. Martinez to this defendant's attempt to present another check?

A: I said that there was the man.

Q: You told Ms. Martinez this?

A: Right.

Q: So you called her attention to this defendant on the third occasion when he came into the bank?

A: Yes, that's correct.

Q: That's how it came to her attention through you alerting her to this about the ID?

A: Yes, I showed her the ID.

Q: Okay.

It was with that that she was able to identify the identification at the first identification?

A: Well, I showed her, I said, "Sylvia, look," and Sylvia stated to me, she said, that's the same man.

Q: The same man on the picture or the same man in the car?

A: Same man who presented number one to her on the 25th.

       *     *     *     *     *     *

Q: And you are saying that you called her attention to State's Exhibit No. 4, the other ID?

A: Right.

Q: And told her it was the same person as in this ID?

A: No, I didn't tell her, she told me.

Q: Okay.

She told you that it was the same person.

A: That she had seen.

Q: In this ID?

A: She told me that in that ID that it was the same person she had seen on her first occasion on the 25th.

Q: Okay.

A: And I told her it was the same person I had seen on my first occasion which was somewhere between the 25th and the 3rd.

Martinez' testimony concerning the identification of appellant was as follows:

How did you identify this individual when you already testified that on the first time around you only caught a fleeting glance at him and you were more interested on the ID?

A: I imagine I was basing it on when I looked at him and the ID, both of them.

Q: You're basing the third identification on what again, now?

A: On the person and the ID, from both of them.

Q: Okay.

You were, of course, helped with this by Ms. McDermott; is that correct?

A: Right.

Q: So actually your identification that you testified to in here just this morning is not an independent identification of my client, but actually you were, would it be fair to say, you were assisted in identifying my client with Ms. McDermott?

A: I was sure when I saw the ID that third time that it was him. I was positive.

Q: But you had help from Ms. McDermott?

A: She didn't tell me who he was, she didn't show the check or anything, she just gave me the ID. She didn't show me the check. I didn't know it was

John Merilatt's check. I just remembered seeing the ID.

■ When considering the sufficiency of the evidence, we view it in the light most favorable to the verdict, and will uphold the conviction only if a rational trier of fact could have found the essential elements of the offense charged beyond a reasonable doubt. *Wilson v. State,* 654 S.W.2d 465 (Tex.Cr.App.1983); *Vaughn v. State,* 607 S.W.2d 914 (Tex.Cr.App.1980).

Based on the foregoing testimony of the state's witnesses, appellant contends that the in-court identification of appellant by Ms. Martinez was "tainted" by an illegal and an unduly suggestive out-of-court identification. As we understand appellant's ground of error, it is the sufficiency of the evidence question and not a suppression ground concerning the admissibility of any in-court identification testimony that appellant complains of. No motion to suppress any pretrial identification or in-court identification of appellant was filed. Appellant did request a hearing to determine what pretrial identification procedures were followed by the police department or by any other witnesses. This motion was to determine whether or not any in-court identification by any witness had been "unfairly influenced" in violation of the Due Process Clause of the Fourteenth Amendment. The motion was never ruled on by the trial court.

■ In the instant case, we find the evidence was sufficient to establish an independent identification of appellant as the perpetrator of the alleged offense. Ms. Martinez positively identified appellant at trial as the same individual who presented both of the state's exhibits (one a forged check on or about August 25, 1981, and another on or about September 3, 1981) to the bank for cashing. Appellant did not object to Ms. Martinez' testimony which directly connected appellant as the actor of the alleged offense. Appellant incorrectly relies on the holding in *Boyd v. State,* 472 S.W.2d 125 (Tex.Cr.App.1971) as grounds for reversal of his conviction.[1] We hold that there is ample evidence to support the trial court's verdict. *See Culbreath v. State,* 498 S.W.2d 220 (Tex.Cr.App.1973); *Angle v. State,* 486 S.W.2d 308 (Tex.Cr.App. 1972); *Johnson v. State,* 449 S.W.2d 479 (Tex.Cr.App.1970). Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that the trial court abused its discretion by overruling appellant's Motion for an Instructed Verdict where appellant presented evidence of an alibi. The sole witness called for the defense was appellant's wife, Ann Rene Stewart. Ms. Stewart testified that on the morning of August 25, 1981, the date one of the forged checks was allegedly passed, she asked her husband, appellant, to go to the store for her. She explained that she waited around the house until 9:00 or 10:00 that night when she went to the home of her sister and brother-in-law to see if appellant was there. Ms. Stewart testified that her brother-in-law told her at that time that he had seen appellant that day get in a police car at the nearby Kroger store. Based on the alleged statement of her brother-in-law, Ms. Stewart claimed that appellant was arrested and jailed sometime in the morning of August 25, 1981. Ms. Stewart did not actually see appellant in jail on this date. She testified that she verified appellant's arrest for shoplifting on August 25, 1981 with the manager of Kroger, Mr. Milholin. However, no affirmative evidence was presented to the court to corroborate appellant's alibi defense.

Here, the trial judge was the exclusive judge of the credibility of the witnesses and the weight to be given their testimony. He was at liberty to accept or reject any part or all of the witnesses' testimony. *DeBolt*

---

1. In *Boyd,* the Court of Criminal Appeals held that, regardless of the condemned pretrial identification procedure followed in the case in which the victim was shown a photograph of the defendant before being asked to identify him in a lineup, there was not a "substantial likelihood of irreparable misidentification by the victim where there was clear and convincing proof that the in-court identification was of an independent origin." 472 S.W.2d at 127.

*v. State,* 604 S.W.2d 164 (Tex.Cr.App.1980); *Burks v. State,* 583 S.W.2d 389 (Tex.Cr.App. 1979); *Rice v. State,* 548 S.W.2d 725 (Tex. Cr.App.1977). In the case at bar, the trial judge chose not to accept the testimony of appellant's wife regarding his "where-abouts" on the date in question. *DeBolt v. State,* 604 S.W.2d at 167. Appellant's second ground of error is also overruled.

The judgment of the trial court is affirmed.