NUMBER
13-01-390-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                        CORPUS CHRISTI-EDINBURG

 

THOMAS TOLAND ,                                                               
 Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS
,                                                         Appellee,

 

                        On appeal from the
105th District Court   

                                  of Nueces County, Texas.

 

 

                                   O P I N I O N

 

Before
Chief Justice Valdez and Justices Yañez and Castillo

                              Opinion
by Chief Justice Valdez

 

Appellant, Thomas Toland (Toland), appeals from a conviction of check
forgery.  He argues the trial court erred
because the evidence was factually insufficient to sustain the conviction.  We affirm.








Facts and Procedural History

Toland twice attempted to cash a $600.00 check made payable to him.  At both banks, Toland used the drive-thru
lane and used his driver=s license for
identification.  Terry Rosas (Rosas), the
teller at the first bank, could not cash the check due to insufficient
funds.  Emily Garcia (Garcia), the teller
at the second bank, noticed the signature on the check did not match the
signature of the check=s account holder, Mr.
Shockley.  Toland drove off while Garcia
called Mr. Shockley, who told her that his checks were stolen and that he had
not written a check to Toland.  Garcia
kept the $600.00 check and Toland=s license, and the
police were called.  The two banks posted
copies of Toland=s license on their
bulletin boards the next day.       

Both Rosas and Garcia identified Toland as the person who attempted to
cash the check in a six-man photo lineup and in court.  Rosas testified that Toland was Anot very far@ from her in the
drive-thru lane, that she had not seen Toland=s
license for three to four days before looking at the photo lineup, and that she
had no problem identifying Toland. 
Garcia testified that the drive-thru lane was Aright directly in front
of@ her and that she did
not need to look at Toland=s licence before the
photo lineup because she remembered Toland=s face.  Toland=s counsel did not object
to either Rosas=s or Garcia=s in-court
identification.

Toland presented two alibi witnesses. 
Having waived a jury trial, Toland was found guilty of forgery,
sentenced to two years, and fined $500.00. 
Toland=s pro se motion for new
trial was denied, and the court appointed another counsel for appeal to replace
his previous counsel, who withdrew without Toland=s objection.

 

 








Analysis

Toland=s sole point of error
argues that the photo lineup was suggestive and the eyewitnesses= testimony is therefore
obviously weak and cannot support his conviction.  Raising the issue of factual insufficiency,
Toland argues that the lineup was suggestive because his lineup photo Alooks exactly like@ his license photo.  He asserts Rosas=s and Garcia=s eyewitness testimony
would therefore be unreliable and insufficient to support the vital fact that
he was the person attempting to cash the check at the two banks.

In performing factual-sufficiency review, the appellate court must give
due deference to the fact finder=s determinations, especially
those concerning the weight and credibility of the evidence, and must examine
all evidence impartially.  Johnson v.
State, 23 S.W.3d 1, 9 (Tex. Crim. App. 2000); Contreras v. State,
54 S.W.3d 898, 903 (Tex. App.BCorpus Christi 2001, no
pet.).  We may not reverse unless the
evidence supporting guilt is either so obviously weak or so greatly outweighed
by the overwhelming weight of contrary evidence that the conviction is clearly
wrong and manifestly unjust.  Vasquez v. State, 67 S.W.3d 229, 236 (Tex. Crim. App. 2002).

A. Suggestive Photo Lineup








It is true that a conviction based on in-court identification by
eyewitnesses following
a pretrial photo identification may be set aside when
the photo-identification procedure was Aso
impermissibly suggestive as to give rise to a substantial likelihood of
irreparable misidentification.@  Crane v. State, 786
S.W.2d 338, 348 (Tex. Crim. App. 1990). 
However, failure to object waives any appealable error regarding out-of
court identification or its taint on the in-court identification.  Perry v. State, 703 S.W.2d 668, 670-71
(Tex. Crim. App. 1986); Degarmo v. State, 922 S.W.2d 256, 268 (Tex. App.BHouston [14th
Dist.] 1996, pet. ref=d) (appellant
waived any error regarding out-of-court identification by failing to object to
in-court identification.)

In this case, Toland=s failure to
object to either Rosas=s or Garcia=s in-court
identification waives any appealable error regarding the suggestiveness of the lineup
or its taint on their in-court identification. 
Accordingly, we find his contention concerning the photo lineup=s alleged suggestiveness
to be waived.

B. Remaining Factual-Sufficiency Considerations

Aside from Toland=s argument concerning
the lineup=s suggestiveness, his
sole point of error also raises the issue of factual sufficiency.  During this bench trial, the trial court was
presented with testimony from Rosas=s and Garcia=s positively identifying
Toland as the man who attempted to cash the check.  Toland presented two alibi witnesses, his
fiancé and her daughter, who testified that he was with them on the day he
allegedly attempted to cash the check. 








The trier of factBas the exclusive judge
of the facts and the witnesses= credibilityBmay believe or
disbelieve the testimony of any witness, Flanagan v. State, 675 S.W.2d
734, 746 (Tex. Crim. App. 1982), including that of alibi witnesses, Lopez v.
State, 815 S.W.2d 846, 849 (Tex. App.BCorpus Christi 1991, no
pet.).  In light of the evidence
presented, we cannot say the eyewitness testimony supporting Toland=s conviction was so weak
as to be factually insufficient.  See,
e.g., Stewart v. State, 664 S.W.2d 835, 837 (Tex. App.BCorpus Christi 1984, no
pet.) (the testimony of just one eyewitness is
sufficient to sustain a forgery conviction even when alibi evidence is presented).  Nor can we say that the evidence supporting
Toland=s conviction is so
greatly outweighed by overwhelming contrary evidence as to make his conviction
clearly wrong and manifestly unjust, Vasquez, 67
S.W.3d at 236. 

We affirm.

 

                                                

ROGELIO VALDEZ

Chief Justice

 

Do
not publish.

Tex.
R. App. P. 47.3.

 

Opinion
delivered and filed

this 8th day of August, 2002.