EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ANGEL MANGUAL SERRANO, acusado y apelante.

*Número:* CR-76-165      *Resuelto:* 21 de septiembre de 1977

*Eloy Verdejo Roque,* abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Maggie Correa Avilés, Procuradora General Auxiliar,* abogados de El Pueblo.

### SENTENCIA

Tras los trámites de ley correspondientes Angel Mangual fue sentenciado a cumplir de dos a tres años de presidio por el delito de robo. En apelación ante nos el convicto plantea como único señalamiento de error que su identificación fue poco confiable y viciada de nulidad debido a que se prescindió de la rueda de identificación.

Los hechos ocurrieron el 29 de agosto de 1974. Un testigo de cargo, la señora Miriam Pagán, declaró que alrededor de las 10:00 P.M. de dicho día, cuando se hallaba trabajando en

un "Tastee Freeze", se acercaron tres personas y le pidieron tres barquillas. Al ella entregárselas uno de los hombres la agarró por el brazo, la amenazó con una pistola y le pidió el dinero de la caja. Ella le dijo a otro empleado, Pedro Meléndez, que abriera la puerta trasera del establecimiento y entregase el dinero. El acusado, otro de los tres hombres, entró entonces por la referida puerta, tomó la pistola que le dio el que estaba en la ventanilla y le apuntó a Pedro. Luego de apropiarse del dinero, el acusado y los otros dos asaltantes se dieron a la fuga.

La señora Pagán vio al acusado de frente como por dos minutos. El interior y el exterior del establecimiento estaban bien alumbrados. Al día siguiente la Policía condujo a la señora Pagán al cuartel. Sin que se celebrase una rueda de detenidos, le enseñaron una persona a quien identificó como el individuo que había perpetrado el robo la noche anterior. Se trataba del apelante.

Pedro Meléndez también declaró como testigo de cargo. Corroboró el testimonio de su compañera. Expresó que desde que le abrió la puerta al apelante hasta que éste huyó pudo observarlo por unos seis minutos. Al día siguiente, cuando la Policía llevó a tres hombres al "Tastee Freeze" donde él trabajaba, identificó al acusado de inmediato.

Conforme a los criterios expuestos en *Pueblo v. Gómez Incera*, 97 D.P.R. 249 (1969); *Pueblo v. Montañez Ramos*, 100 D.P.R. 911 (1972) y *Pueblo v. Suárez Sánchez*, 103 D.P.R. 10, 19 (1974 (en reconsideración)), no estuvo viciada de nulidad la identificación en este caso.

Se confirma la sentencia apelada.

Así lo pronunció y manda el tribunal y certifica el señor Secretario. El Juez Asociado Señor Rigau no intervino. El Juez Asociado Señor Martín emitió un voto concurrente al cual se une el Juez Asociado Señor Negrón García. El Juez Asociado Señor Irizarry Yunqué emitió un voto particular

al cual se unen el Juez Presidente Señor Trías Monge y el Juez Asociado Señor Dávila.

(Fdo.) Ernesto L. Chiesa
*Secretario General*

—O—

Voto concurrente del Juez Asociado Señor Martín al cual se une el Juez Asociado Señor Negrón García.

San Juan, Puerto Rico, a 21 de septiembre de 1977

Concurro con el resultado por entender que bajo las circunstancias presentes en este caso en que los testigos tuvieron oportunidad de observar al acusado al cometerse los hechos punibles, la posterior identificación del acusado en el cuartel de la policía ofreció la suficiente certeza que impidió un error irreversible en la identificación según reconocimos en *Pueblo* v. *Morales Romero,* 100 D.P.R. 436 (1972); *Pueblo* v. *Medina Jiménez,* 102 D.P.R. 320 (1974); *Pueblo* v. *Rivera Vázquez,* 102 D.P.R. 758 (1974), y *Pueblo* v. *Suárez Sánchez,* 103 D.P.R. 10, 19 (1974) (en reconsideración).

—O—

Voto Particular del Juez Asociado Señor Irizarry Yunqué al cual se unen el Juez Presidente Señor Trías Monge y el Juez Asociado Señor Dávila.

San Juan, Puerto Rico, a 21 de septiembre de 1977

Estoy conforme con la sentencia del Tribunal. Pero debo consignar una vez más mi preocupación, expresada en mi opinión disidente en *Pueblo* v. *Toledo Barbosa,* 105 D.P.R. 290 (1976), de que la policía ignore la norma de *Pueblo* v. *Gómez Incera,* 97 D.P.R. 249 (1969), no obstante nuestra censura de que se ignore dicha norma, hecha en *Pueblo* v. *Montañez Ramos,* 100 D.P.R. 911, 923–924 (1972) y reiterada en *Pueblo* v. *Tanco,* 101 D.P.R. 75 (1973) y en *Pueblo* v. *Delgado Meléndez,* 101 D.P.R. 79, 80–81 (1973).

Según surge de la sentencia, la señora Pagán fue conducida al cuartel de policía al día siguiente de perpetrado el robo, y se le mostró al acusado solo, para su identificación, lo cual ella hizo. No se ofrece justificación alguna para que se prescindiera del procedimiento de identificación que para garantía del debido proceso de ley adoptamos y reiteramos en los casos arriba citados.

El error de la policía quedó, sin embargo, salvado por la identificación que del apelante hizo Pedro Meléndez, de entre tres hombres que le llevó la policía el día después de ocurrir el delito. Por eso estoy conforme en que procede confirmar la sentencia. El Juez Asociado Señor Rigau no intervino.