EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ ENRIQUE CASIANO VÉLEZ, acusado y apelante.

*Número:* CR-77-41    *Resuelto:* 3 de noviembre de 1977

*Héctor Lugo Bougal,* abogado del apelante; *Héctor A. Colón Cruz, Procurador General,* y *Josefa A. Román García, Procuradora General Auxiliar,* abogados de El Pueblo.

SENTENCIA (*)

El apelante José Enrique Casiano Vélez fue acusado y declarado culpable ante jurado de los delitos de asesinato en primer grado, acometimiento y agresión grave—reducido de ataque para cometer asesinato—e infracción al Art. 8 de la Ley de Armas; por Tribunal de Derecho fue convicto de violar el Art. 6 de la referida Ley. (1)

---

(*) NOTA DEL COMPILADOR: Véase Resolución de este Tribunal de fecha 16 de marzo de 1978 resolviendo una "Moción de Naturaleza de Auto Inhibitorio; de Solicitud de Auxilio de Jurisdicción; de Solicitud de Revocación y Otros Extremos" radicada el 13 de marzo de 1978 en el caso de autos por el Lic. Luis F. Abreu Elías, pág. 468 de este tomo.

(1) Con carácter concurrente fue sentenciado a purgar de once (11) a veintidós (22) años de presidio en el caso por asesinato en segundo [sic]

Tanto en primera instancia como ante este foro apelativo apoya su recurso en el siguiente señalamiento:

"La difícil percepción por testigos del autor de los hechos criminosos imponía en el presente caso la identificación del acusado previa utilización del mecanismo de la rueda de sospechosos, garantía constitucional que evita un 'miscarriage of justice'."

El análisis de la prueba según surge de la exposición narrativa y el récord taquigráfico correspondiente al testigo de cargo, detective Víctor M. Zayas, nos convence que no se violentó la norma sobre identificación expuesta en *Pueblo* v. *Gómez Incera*, 97 D.P.R. 249 (1969), ya que las circunstancias que rodearon el reconocimiento del apelante por cuatro testigos al momento de ocurrir los hechos, unido a la identidad del vehículo en que huyó, hicieron innecesaria la celebración de una rueda de detenidos.

A tal efecto, la evidencia estableció que en la tarde del día 12 de enero de 1973, aproximadamente a las 5:30 P.M. cinco jóvenes amigos que habían estado disfrutando de una tarde bañándose en un río y comiendo toronjas en la residencia de un familiar ubicada en el Barrio El Semil de Villalba decidieron ir a una tienda cercana a comprar cigarrillos; mientras se dirigían por la carretera el apelante, hasta entonces desconocido para ellos, en compañía de otra persona se les interpuso con un rifle en sus manos, les apuntó, preguntándoles qué pasaba y disparó un tiro al aire; el joven Luis Sigfrido Negrón (Chipre) no se detuvo y continuó caminando, entonces el apelante le hizo un disparo mortal e inmediatamente disparó e hirió a otro joven nombrado Manuel Franceschi. Acto seguido el apelante y su acompañante se fueron en un automóvil que los jóvenes claramente identificaron como marca Falcon, convertible, color gris, de capota negra y gomas con aros de magnesio. Este vehículo fue localizado oportunamente por la policía (Detective Zayas) en virtud de

grado; de dos (2) a cinco (5) años por la infracción al Art. 8 de la Ley de Armas; y seis meses de cárcel en cada uno de los delitos menos grave.

una alarma transmitida por el sistema de radio-comunicación mientras era conducido de Villalba a Juana Díaz por la Carretera Núm. 149, como a las 10:30 P.M.; su entonces conductor "Maneco", primo del acusado-apelante que lo acompañaba, se dio a la fuga al ser detenido por el Sargento Luis M. Fernández y el detective Zayas. A los 15 minutos el auto finalmente fue hallado sin sus ocupantes en un solar en el Barrio Guanábano frente al Hotel Sayán (T.E. págs. 16–19).

Subsiguientemente, la misma noche como a las 3:00 A.M., la policía les mostró dos personas a los testigos Carlos Luis León Marrero, Dimas Díaz y Víctor Ramel Ortíz, una de las cuales era el acusado-apelante. La otra resultó ser su acompañante, su primo "Maneco".

La fluidez de situaciones exige que reiteremos que la validez de una identificación debe precisarse evaluándose las circunstancias peculiares de cada caso: *Pueblo* v. *Toledo Barbosa*, 105 D.P.R. 290 (1976); *Pueblo* v. *Suárez Sánchez*, 103 D.P.R. 10 (1974); *Pagán Hernández* v. *Alcaide*, 102 D.P.R. 101, 111 (1974). Y en *Pueblo* v. *Montañez Ramos*, 100 D.P.R. 911, 916 (1972) manifestamos:

"Por supuesto que este problema de la confrontación no puede surgir cuando el acusado es una persona conocida del testigo identificante con anterioridad a la comisión del delito *o cuando dicho testigo testifica que observó al acusado durante un tiempo razonablemente largo mientras cometía el delito imputado*, de manera que pudiera identificarlo con tal certeza y precisión que no pudiera dar lugar a un irreparable error de identificación, como en *Gómez Incera*, supra, en *Boyd* v. *State*, 472 S.W.2d 125 (Texas 1971) y en *Edmisten* v. *People*, 490 P.2d 58 (Col. 1971)." (Bastardillas nuestras.)

La identificación del apelante por los testigos de cargo fue confiable pues tuvieron amplia oportunidad de verlo por un minuto o más en un día claro, aunque declinando el sol; su físico fue apreciado a distancias cortas que oscilaron entre 21 pies y tres pulgadas y 35 a 40 pies. Ninguno mostró dudas al respecto. El episodio relacionado con el automóvil descrito

previamente por los testigos fortalece la certeza de la identificación pocas horas más tarde.

Finalmente cabe mencionar que la prueba de la defensa no desvirtuó la de cargo, pues se circunscribió a señalar que el acusado no fue visto en el lugar de los hechos a raíz de los disparos, aunque el testigo Nelson Rafael Torres López notó un auto "con gomas anchas". El testimonio del propio apelante, en su contenido, constituyó uno tendente a establecer la defensa de coartada, que no mereció crédito a los juzgadores de instancia.

Se confirma la sentencia.

Así lo pronunció y manda el Tribunal y certifica el señor Secretario. El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Irizarry Yunqué disienten. El Juez Asociado Señor Irizarry Yunqué emitió Voto Disidente al cual se une el Juez Presidente Señor Trías Monge. El Juez Asociado Señor Rigau no intervino.

(Fdo.) Ernesto L. Chiesa
*Secretario*

—O—

Voto Disidente del Juez Asociado Señor Irizarry Yunqué al cual se une el Juez Presidente Señor Trías Monge.

San Juan, Puerto Rico, a 3 de noviembre de 1977

No surge de los autos de este caso que hubiera justificación alguna para que la policía prescindiera de aplicar la norma de *Pueblo* v. *Gómez Incera*, 97 D.P.R. 249 (1969). Una vez más nos encontramos con la situación que censuramos en *Pueblo* v. *Montañez Ramos*, 100 D.P.R. 911, 923–924 (1972); *Pueblo* v. *Tanco*, 101 D.P.R. 75 (1973); *Pueblo* v. *Delgado Meléndez*, 101 D.P.R. 79, 80–81 (1973), en mi opinión disidente en *Pueblo* v. *Toledo Barbosa*, 105 D.P.R. 290 (1976), y en mi voto particular en *Pueblo* v. *Mangual Serrano*, 106

D.P.R. 225 (1977), de que estando vigente la norma, sea ignorada por la Policía.

La prueba no establece que en el momento de ocurrir los hechos de sangre que dieron base a la acusación el apelante fuera persona conocida por los testigos de cargo. Ni siquiera hay prueba de que le hubieran visto antes. Lo ven por primera vez, según ellos, en el corto espacio de un minuto y bajo la tensión natural que produce un acto criminal en que una persona pierde la vida y otra es herida. La identificación posterior, en el cuartel de policía de Ponce, donde les presentaron a los testigos al apelante y a otra persona como quien le acompañaba es claramente la identificación sugerida que este Tribunal ha rechazado por ser violativa del debido proceso de ley.

Revocaría la sentencia.

—O—

### RESOLUCIÓN

San Juan, Puerto Rico, a 16 de marzo de 1978.

Pasados cuatro meses de haberse celebrado la vista oral y haberse dictado sentencia confirmatoria en el caso de epígrafe, en escrito radicado el 13 de marzo de 1978, el apelante José E. Casiano Vélez solicita que se le absuelva por haber participado en la decisión el Juez Asociado Señor Díaz Cruz. Funda su petición en una declaración jurada de su primo Nelson Meléndez Casiano quien afirma que el 13 de enero de 1973 visitó, en unión de otras personas, la oficina profesional del Lic. Jorge Díaz Cruz para solicitar ". . . sus servicios como abogado en un caso que se había presentado contra mi primo José Enrique Casiano Vélez y por el cual habían confiscado mi carro."

La entrevista que se alega ". . . duró como una hora" se llevó a efecto casi cinco años antes de la vista celebrada en el presente caso. Semanas después de la entrevista, el Lic.

Díaz Cruz fue designado a este Tribunal y juramentado el 16 de marzo de 1973. A pesar de que el magistrado ocupó su sitio en el estrado durante la vista pública celebrada el 17 de octubre de 1977 no se solicitó su inhibición por el abogado defensor Lic. Héctor Lugo Bougal.(1) Es razonable concluir que debido al transcurso del tiempo y al factor memoria, tanto el Juez Señor Díaz Cruz como el Lic. Lugo Bougal no estaban conscientes ni relacionaron dicha vista con el caso de autos. En el cúmulo de asuntos judiciales, visitas, investigaciones de innumerables casos, es explicable que un abogado en el ejercicio de una intensa práctica pueda olvidar detalles de los innumerables asuntos en que ha intervenido y no tenemos duda de que éste ha sido el caso.

A la luz de lo expuesto, y en consideración a que nuestra opinión [*sic*] y sentencia confirmatoria del 3 de noviembre de 1977 representa el criterio de un Tribunal colegiado, la participación del Juez Asociado Señor Díaz Cruz no infringió el debido proceso de ley.

No obstante hemos considerado nuevamente la cuestión central planteada por el apelante en su recurso de apelación y ratificamos la sentencia confirmatoria emitida el 3 de noviembre de 1977 por entender que las circunstancias del caso no justificaban que se identificara al acusado en una rueda de detenidos. Los hechos por los cuales se acusó al apelante ocurrieron después de las cinco y media de la tarde y la identificación se llevó a cabo unas horas después.

En *Pueblo* v. *Gómez Incera*, 97 D.P.R. 249 (1969), establecimos que la forma más confiable para identificar a un sospechoso por un testigo que no lo conocía de antemano era mediante la confrontación en rueda de detenidos, pero se reconoce que "[e]n ciertas ocasiones se puede dispensar de

---

(1) En el escolio 4 de su escrito el apelante nos solicita vista oral para someter prueba demostrativa "de que luego el Hon. Jorge Díaz Cruz le solicita al Lcdo. Héctor Lugo Bougal que el continu[ara] con el caso." En virtud de los términos de la presente consideramos innecesaria la misma.

este requisito, como cuando la identificación se realiza poco tiempo después de ocurrido el acto delictivo, pues se reconoce que todavía está fresca en la memoria la imagen de la persona." *Pagán Hernández* v. *Alcaide*, 102 D.P.R. 101–105 (1974); *Bates* v. *United States*, 405 F.2d 1104 (D.C. Cir. 1968).

En *Norris* v. *Slayton*, 540 F.2d 1241 (4th Cir. 1976), se consignó: "No hay prohibición alguna en contra de observar un único sospechoso en una rueda de un solo detenido cuando tiene lugar poco después del alegado acto criminal, pues esa observación, en vez de producir una identificación errónea tiende bajo algunas circunstancias a asegurar la exactitud de la identificación."

Y como expresó el Juez Burger cuando pertenecía a la Corte de Apelaciones del Circuito del Distrito de Columbia, la identificación "en circunstancias como éstas fomenta los deseables objetivos de una identificación reciente y exacta, la cual, en algunos casos puede inducir a poner en libertad inmediatamente a un sospechoso inocente y a la misma vez permitir a la policía reanudar la búsqueda del criminal en fuga mientras el rastro está fresco." *Bates* v. *United States*, supra a la pág. 1106.

Si bien es verdad que algunos tribunales han establecido reglas estrictas en cuanto al tiempo que debe transcurrir entre el hecho delictivo y la confrontación para dispensar la celebración de una rueda de detenidos, la norma generalmente aceptada es que la confrontación debe ocurrir dentro de un tiempo razonable que no debe extenderse más allá de las 24 horas. *Stanley* v. *Cox*, 486 F.2d 48 (4th Cir. 1973); *Norris* v. *Slayton*, 540 F.2d 1241 (4th Cir. 1976); *People* v. *Hunt*, 568 P.2d 376 (Calif. 1977); *People* v. *Floyd*, 464 P.2d 64 (Calif. 1970); *People* v. *McKinley*, 355 N.E.2d 324 (Ill. App. 1976); Nota, *Due Process Considerations in Police Showup Practices*, 44 N.Y.U. L. Rev. 377 (1969).

La identificación llevada a cabo en este caso es confiable pues los testigos tuvieron la oportunidad de observar al acusado a corta distancia, y se lo presentaron pocas horas después de ocurridos los hechos cuando todavía estaba fresca en sus mentes la imagen de lo que habían visto. Si a esto unimos el hecho de que los testigos de cargo identificaron el automóvil en que viajaba el agresor como uno marca Falcon, convertible, color gris de capota negra y gomas de aro de magnesio y fue en vehículo que corresponde a esa descripción donde la policía vio poco después al apelante, no cabe duda de que la identificación es confiable.

En mérito de lo expuesto se ratifica la sentencia confirmatoria emitida el 3 de noviembre de 1977.

Lo acordó el Tribunal y certifica el Secretario. El Juez Presidente Señor Trías Monge y el Juez Asociado Señor Irizarry Yunqué están conformes con la determinación de que la participación del Juez Asociado Señor Díaz Cruz no lesionó el debido proceso de ley, pero se ratifican en el criterio expuesto en la opinión disidente de que en este caso debió utilizarse la rueda de detenidos en el proceso de identificación del apelante. Los Jueces Asociados Señores Rigau y Díaz Cruz no participaron.

(Fdo.) Ernesto L. Chiesa
*Secretario*