# 2000 DTA 143

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL I DE SAN JUAN**
**PANEL III**

MYRNA RIVERA RODRIGUEZ
Demandante-Apelante

v.

ESTADO LIBRE ASOCIADO Y OTROS
Demandados-Apelados

Núm. KLAN-2000-00047

San Juan, Puerto Rico, a 15 de junio de 2000

Panel integrado por su Presidente, Juez Arbona Lago
y los Jueces Urgell Cuebas y Ortiz Carrión

## TEXTO COMPLETO DE LA RESOLUCION

### Antecedentes

El 21 de abril de 1996, los co-demandantes Myrna Rivera Rodríguez y Carlos Rivera se encontraban en el Hotel Condado Beach asistiendo al festejo de una boda. A eso de las 4:00 a.m., la co-demandante Myrna Rivera Rodríguez se dirigió al estacionamiento soterrado del hotel, operado por la co-demandada Caribe Park Corp., y estando muy cerca de su automóvil, sito en el tercer piso del edificio, fue violentamente atacada por un hombre que intentó violarla. Rivera Rodríguez logró rechazar al agresor, no sin antes recibir golpes en la cara, cabeza, hombros, piernas, desgarre del vestido y medias de nylon.

De inmediato, Rivera Rodríguez fue llevada al Doctor's Hospital donde le administraron Demerol y Vistaryl, le tomaron radiografías y le diagnosticaron laceraciones en la cara, muslos y brazos. Tuvo que ser intervenida quirúrgicamente para la corrección de una fractura doble en la mandíbula que requirió la colocación de placas para inmobilizar durante dos meses la boca, lo que significó que por dos meses sólo ingiriese líquidos a través de un sorbeto.

El 18 de marzo de 1998, Myrna Rivera Rodríguez, Carlos Rivera, así como los padres y hermanos de la primera, de nombres Juan A. Rivera, Myrna Rodríguez y Cristina y Yivette Rivera Rodríguez, demandaron en reclamo de daños y perjuicios contra el Estado Libre Asociado de Puerto Rico (E.L.A.), Compañía de Turismo de Puerto Rico, Caribe Park Corporation, National Insurance, Fulano de tal, Sutano de tal, Compañía Aseguradora ABC (KDP-98-0495).

Consta de los autos de Instancia que el 24 de marzo de 1998 se emplazó al E.L.A., Compañía de Turismo de Puerto Rico y National Insurance. Aunque del expediente no consta diligenciado el emplazamiento de Caribe Park Corporation, surge que el 16 de junio de 1998, dicha parte contestó la demanda y levantó defensas afirmativas por conducto del Lcdo. Héctor L. Peña de León.

El 21 de julio de 1998 volvió a comparecer Caribe Park Corporation junto a National Insurance Company por conducto del Lcdo. Luis M. Angelet Frau y contestaron en conjunto la demanda. El Lcdo. Peña de León presentó *"Moción de Renuncia de Representación Legal"* respecto a Caribe Park Corporation el 17 de marzo de 1999, la que le fue aceptada el 12 de abril, notificada la Resolución el 14 de abril de 1999, requiriéndosele equivocadamente que *"debe anunciar nueva representación legal en veinte (20) días"*.

De los autos de Instancia no consta que la Compañía de Turismo de Puerto Rico haya radicado contestación, por lo que el 3/7/98 se le anotó la rebeldía. ■

Previo a la *"Moción Solicitando Desestimación y/o Sentencia Sumaria"* presentada por el E.L.A. el 4 de mayo

de 1998, a la que no replicó la parte demandante en el término que el Tribunal le concedió, el foro de Primera Instancia dictó *"Sentencia Sumaria Parcial"* el 15 de junio de 1998, notificada mediante el formulario correcto OAT 704. No obstante, el Tribunal no cumplió con lo dispuesto en la Regla 43.5 de Procedimiento Civil, 32 L. P.R.A. Ap. III, en cuanto a expresar que *"no existe razón para posponer el dictar sentencia sobre tales reclamaciones hasta la resolución total del pleito"*.

Así las cosas y estando la causa en proceso de descubrimiento de prueba desde el 17 de julio de 1998, el 8 de octubre de 1999 (19 meses desde la radicación y 15 desde el inicio del descubrimiento de prueba), el Tribunal de Instancia dictó ORDEN al amparo de la Regla 39.2(a) de Procedimiento Civil, 32 L.P.R.A. Ap. III, concediéndole 10 días a la parte demandante para que mostrara causa por la cual no deba procederse al *"... archivo, sin perjuicio ..."*, *"dado el incumplimiento a nuestra orden del 14 de abril de 1999 ..."*, ▮ y *"... desestimar este caso"*, al amparo de la Regla 39.2 (b) de Procedimiento Civil, 32 L.P.R.A. Ap. III, por falta de trámite durante 6 meses.

La parte demandante mostró causa el 22 de octubre de 1999 y solicitó vista en rebeldía en cuanto a Compañía de Turismo de Puerto Rico. Instancia dictó Sentencia de Archivo el 9 de diciembre de 1999, conforme a la Regla 39.2(b) de Procedimiento Civil, *supra*, por falta de trámite en 6 meses, la que archivó y notificó el 14 de diciembre de 1999 utilizando el formulario correcto (OAT 704) y notificando únicamente al Lcdo. Angelet Frau (abogado de Caribe Park Corporation y National Insurance Company) así como a la parte demandante, por conducto de la Lcda. Viera Rabelo.

De tal dictamen, la parte demandante apela en la causa del epígrafe, presentada el 14 de enero de 2000. El apelante señala que el archivo en autos del 14 de diciembre de 1999, fue puesto en el correo el 15 de diciembre de 1999. ▮

Mediante Resolución del 24 de febrero de 2000, concedimos 30 días a la parte apelada para presentar su alegato, dado el hecho de que consideramos que el asunto era uno de interpretación de derecho, primordialmente. El 9 de marzo de 2000, también solicitamos de la parte apelante que acreditare respecto a nuestra jurisdicción, debido a que el E.L.A. aparecía como parte ante el ilustrado foro de Primera Instancia y el E.L.A. no había sido unido en autos como parte notificada de la apelación del epígrafe, conforme lo requiere la Regla 13(B) del T.C.A., *supra, Rivera v. E.L.A.*, **96 J.T.S. 27**.

Las partes han comparecido. En el estudio de la causa, entendimos necesario accesar al expediente de instancia, habida cuenta las discrepancias entre los litigantes respecto a la situación litigiosa del E.L.A. en el expediente y la anotación de rebeldía del co-demandado Compañía de Turismo de Puerto Rico, según expuesta en los escritos ante este foro de apelación intermedia. El 15 de mayo de 2000, solicitamos de Instancia, en calidad de préstamo, el expediente original, el que hemos ya recibido.

Estamos en posición de resolver.

## Exposición y Análisis

No es necesario pasar revista y resolver en cuanto a las muchas y serias inobservancias que esta causa informa respecto al trámite en la secretaría de Instancia. En aras de la economía procesal, directamente nos dirigimos al aspecto medular que controla el dictamen a que venimos obligados.

Como ya queda dicho, el E.L.A. es parte co-demandada, fue emplazado el 24 de marzo de 1998 y compareció en autos el 4 de mayo de 1998 solicitando *"Desestimación y/o Sentencia Sumaria"*.

A tal solicitud no hubo objeción, por lo que el 15 de junio de 1998 Instancia dictó lo que tituló *"Sentencia Sumaria Parcial"* que resultó realmente ser una Resolución, puesto que no se dio cumplimiento --en forma

alguna-- al mandato *"sine-qua-non"* de la Regla 43.5 de Procedimiento Civil, *supra*. Por ello nunca se advirtió a las partes del propósito de finalidad que implica concluir *"... expresamente que no existe razón para posponer el dictar sentencia sobre tal reclamación[es]* ▮ *hasta la resolución total del pleito ..."*. Véase doctrina *Torres Capeles v. Rivera Alejandro*, **97 J.T.S. 77**; *Núñez v. Jiménez Miranda*, 112 D.P.R. 134 (1988); *Asociación v. Sta. Bárbara*, 112 D.P.R. 33 (1982).

Por lo tanto e independientemente de lo que el foro de Instancia intentare, realmente el E.L.A. es todavía parte en la causa KDP-98-0495 ante Instancia, aunque meramente se le pueda considerar como entidad al margen de la contienda, a virtud de orden o resolución del 15 de junio de 1998. Para que el E.L.A. salga de la causa KDP-98-0495, siempre se requerirá del archivo en autos de la notificación de sentencia que así lo disponga y autorice, y ésta advenga final y firme. Véase última oración de la Regla 46 de Procedimiento Civil, *supra*.

Concluido esto, es forzoso concluir que la secretaría del foro de Instancia también erró cuando el 14 de diciembre de 1999 notificó el archivo en autos de la sentencia desestimatoria del 9 de diciembre de 1999, conforme a las disposiciones de la Regla 39.2(b) de Procedimiento Civil, ▮ *supra*, únicamente a la parte demandante y a las co-demandadas Caribe Park Corporation ▮ y National Insurance, dejando fuera a los co-demandados E.L.A. y Compañía de Turismo de Puerto Rico, sobre los cuales Instancia ya tenía jurisdicción. El primero estaba representado por abogado y el segundo en rebeldía. ▮

Es de rigor señalar que el archivo en autos de la notificación de la sentencia desestimatoria del 9 de diciembre de 1999 no se hizo conforme a derecho, por lo cual tampoco tuvo efecto jurídico alguno. Realmente, dicha sentencia se encuentra en el expediente KDP-98-0495 todavía pendiente del trámite reglamentario del archivo en autos de copia de su notificación, para que comiencen a decursar los términos que implican los trámites posteriores a sentencia, lo que incluye el proceso apelativo y la posibilidad de que la sentencia pueda llegar a ser firme y, por tanto, disponer de la causa.

La actualmente vigente Regla 46 de Procedimiento Civil, dispone:

*"Notificación y Registro de Sentencias. Será deber del secretario notificar a la brevedad posible dentro de las normas que fije el Tribunal Supremo, las sentencias que dicte el tribunal, archivando en autos copia de la sentencia y de la constancia de la notificación y registrando la sentencia. La anotación de una sentencia en el Registro de Pleitos y Procedimientos constituye el registro de la sentencia. La sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr a partir de la fecha de dicho archivo. Enmendada en Diciembre 25, 1995, Núm. 249, art. 14, ef. Mayo 1, 1996."*

Se trata de un trámite que habrá de efectuarse simultáneamente a todas las partes en el litigio, o de lo contrario es defectuoso y no activa los términos reglamentarios, de caducidad y jurisdiccionales, que implican las Reglas Procesales 43.3, 44.1, 47, 48.2, 49.2, 53.1(c). *Rodríguez Mora v. García Lloréns*, **98 J.T.S. 152.**

Recientemente, en *Martínez, Inc. v. Abijoe Realty Corp.*, **2000 J.T.S. 85**, se dijo lo siguiente:

*"La correcta notificación de una sentencia es característica imprescindible del debido proceso judicial."* *Rodríguez Mora v. García Lloréns*, res. en 17 de diciembre de 1998, **98 J.T.S. 152.** Contrario a un término de cumplimiento estricto, el término jurisdiccional es fatal, improrrogable e insubsanable, rasgos que explican porqué no puede acortarse, como tampoco es susceptible de extenderse. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil* (Michie, 1997), págs. 154-55. *"Sólo los requisitos de cumplimiento estricto, no los jurisdiccionales, pueden eximirse por causa justificada oportunamente invocada."* Colón Morales v. Rivera Morales, res. en 30 de octubre de 1998, **98 J.T.S. 153.**

Dado el carácter fatal del término jurisdiccional de apelación (como el de otros *certioraris* especiales), es

imprescindible la pronta y correcta notificación a las partes de cualquier sentencia, resolución u orden judicial que genere esos términos. Aflora así, otra característica en los trámites de notificación, -no sólo respecto a los escritos judiciales, sino de las notificaciones *inter partes*- a saber, la simultaneidad.

Esta característica tiene tres vertientes justificativas. La primera, estrictamente jurisdiccional, emana del debido proceso de ley garantizado por la Constitución. En tanto *"[e]l debido proceso de ley requiere, como regla general, la notificación o citación real y efectiva, ajustada a los preceptos estatutarios aplicables"*, *Asoc. de Residentes v. Montebello Development Corp.*, res. en 2 de mayo de 1995, 138 D.P.R. ____, y dicha notificación tiene que darse simultáneamente para así evitar un trato desigual entre las partes. *García Claudio v. García Guevara*, res. en 11 de junio de 1998, **98 J.T.S. 70.**

La segunda vertiente, de índole procesal, subraya los efectos que la notificación de un dictamen judicial tendrá sobre las partes.

*"Una vez dictada una sentencia, las Reglas de Procedimiento Civil imponen al secretario del tribunal la obligación de notificar la misma cuanto antes a todas las partes afectadas, y archivar en autos copia de la constancia de dicha notificación. Este deber de notificar las sentencias no constituye un mero requisito impuesto por las Reglas de Procedimiento Civil. Su imperiosidad radica, además, en el efecto que tiene dicha notificación sobre los procedimientos posteriores a la sentencia." Falcón Padilla v. Maldonado Quirós* (res. en 31 de julio de 1995, 138 D.P.R. ___ (1995), **95 J.T.S. 109**.

El efecto de una tardanza en el envío por correo de la notificación de una sentencia, es demorar el momento en que las partes efectivamente adquieren conocimiento. Por tanto, dicha notificación debe hacerse de modo que todas las partes mantengan al máximo posible su derecho a solicitar un remedio posterior a la sentencia en el tribunal de origen o, incluso, recurrir a un tribunal de superior jerarquía.

La tercera vertiente, más bien de índole administrativa, corresponde a la operación interna de las secretarías y su encausamiento por conducto de las oficinas que procesan la correspondencia de los tribunales. La normativa es, como regla general, lograr la simultaneidad del archivo en autos y la notificación.

Debido a que el archivo en autos de la sentencia de 9 de diciembre de 1999 no fue notificado a todas las partes, entonces en autos y bajo la jurisdicción del foro de Primera Instancia en forma simultánea, éste resulta inoficioso y nunca dio comienzo al término de carácter jurisdiccional que implica la apelación. ■ El escrito de *"apelación"* que dio inicio a esta causa, resulta también prematuro. En tal sentido, en *Pueblo v. Santana Rodríguez, supra*, a la pág. 1072, se dijo:

*"Prematuro, lo que ocurre antes de tiempo; en el ámbito procesal, una apelación o recurso prematuro es aquél presentado en la Secretaría de un Tribunal apelativo antes de que éste tenga jurisdicción." Véase, Hernández Apellániz v. Marxuach Const. Co.*, res. en 3 de febrero de 1997, **97 J.T.S. 16.**

Una apelación o un recurso prematuro, al igual que uno tardío, sencillamente adolece del grave e insubsanable defecto de falta de jurisdicción.

Como tal, su presentación carece de eficacia y no produce ningún efecto jurídico, pues en ese momento o instante en el tiempo (*"punctum temporis"*), no ha nacido autoridad judicial o administrativa alguna para acogerlo; menos para conservarlo con el propósito de luego reactivarlo en virtud de una moción informativa. Ello explica la exigencia y necesidad de presentar una nueva apelación o recurso (con su apéndice) y efectuar su notificación dentro del término jurisdiccional.

La falta de jurisdicción por prematuridad no acontece cuando se dicta la Resolución desestimando el recurso; el momento decisorio y crucial es la fecha de su presentación, no el de esa Resolución. Carente de

eficacia jurídica interruptora, si acaso, la única otra decisión sería ordenar su desglose y devolución al presentante. Con este marco jurídico-conceptual en mente, expongamos el trasfondo procesal del recurso ante nos.

De interesarse apelar la sentencia del 9 de diciembre de 1999, es menester actuar dentro del término de ley, a partir de la fecha en que se vuelva a archivar en autos correctamente la copia de su notificación simultánea a todos los co-demandados en autos.

Conforme a lo señalado, carecemos de jurisdicción apelativa para revisar un dictamen o *"sentencia"* de Instancia que todavía está pendiente de la correcta notificación del archivo en autos de copia de su notificación a todas las partes en litigio, conforme lo requiere la Regla 46 de Procedimiento Civil, *supra*, porque *"la Sentencia no surtirá efecto hasta archivarse en autos copia de su notificación y el término para apelar empezará a correr desde la fecha de dicho archivo"*. (Regla 46 de Procedimiento Civil, 32 L.P.R.A. Ap. III). Se trata éste, de un recurso prematuro. El dictamen del 9 de diciembre de 1999 es todavía susceptible de ser modificado por el foro de Primera Instancia, 92 D.P.R. 791 (1965).

**Dictamen**

Se desestima la causa del epígrafe por tratarse de un recurso de apelación prematuro.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General